UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SARAH EMMALYNE WILCOX,

    Plaintiff,

    v.                                                                     Case No. 3:21-CV-776 JD

ALLEN CLARK, et al.,

    Defendants.

**OPINION AND ORDER**

Defendants Dr. Allen Clark and Dr. Jessica Basham ("Defendants") have filed a motion

to dismiss Plaintiff Sarah Wilcox's complaint. (DE 10.) The Court grants this motion to dismiss,

finding that the claims are barred by the applicable statute of limitations.

A.    **Factual Background**

This case arises from the medical care Dr. Clark, Dr. Basham, and Memorial Hospital

provided to Ms. Wilcox after a cyst was identified on an ultrasound during her pregnancy. (DE 1

¶ 1.) Ms. Wilcox alleges that Dr. Clark did nothing to investigate the cyst and failed to inform

her about how quickly the cyst was continuing to grow. (*Id.*) According to the medical records

Ms. Wilcox attaches to her complaint, a C-section procedure performed by Dr. Allen and Dr.

Basham occurred on October 10, 2019. (DE 1 ¶ 1; DE 1-1 at 1–3.) During this C-section, the

doctors also examined and biopsied the cyst. (*Id.*)

Four days after that procedure, Ms. Wilcox alleges she was diagnosed with Stage III C/IV

ovarian cancer. (DE 1 ¶ 2.) From her allegations, it is unclear who made this diagnosis.

Sometime after this diagnosis, "Memorial Hospital discharged [Ms. Wilcox] in terrible health."

(*Id.*) Due to an infection, Ms. Wilcox "sought out Goshen Center for Cancer Care" and was

admitted to the ICU 10 days after her C-Section. (*Id.*) She then spent a month at the ICU at

Goshen, and on January 21, 2020, she had a "major cancer debulking surgery" where the surgeon

discovered that the cause of the infection was a uterus left "rotting" inside Ms. Wilcox's body.

(*Id.*)

Ms. Wilcox alleges that Dr. Clark and Dr. Basham "failed to ensure [her] body was intact

despite the cyst after the c-section" and that Dr. Clark, despite performing multiple tests,

"ignored the early signs of ovarian cancer." (*Id.* ¶¶ 1, 3.) Ms. Wilcox also alleges that "Memorial

Hospital failed to discharge [her] in reasonable health." (*Id.* ¶ 4.) Due to these actions and

omissions, Ms. Wilcox seeks "compensation for all medical expenses as well as pain and

suffering." (DE 1 at 3.)

On October 13, 2021, Ms. Wilcox, proceeding pro se, filed her complaint. (DE 1.) She

named Dr. Clark, Dr. Basham, and Memorial Hospital as defendants. Two months later, Dr.

Basham and Dr. Clark filed a motion to dismiss for failure to state a claim upon which relief can

be granted.[1] (DE 10.) Ms. Wilcox failed to file a response within 21 days. *See* N.D. Ind. L.R. 7-

1(d)(2)(A). Accordingly, the motion is ripe for review.

**B.      Standard of Review**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be

granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the

light most favorable to the plaintiff, accepts the factual allegations as true, and draws all

reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143,

1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim

---

[1] Memorial Hospital did not join the motion to dismiss.

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

"A motion to dismiss may be granted when a plaintiff has pled facts which establish a statute of limitations defense as a matter of law." *Cincinnati Life Ins. Co. v. Grottenhuis*, No. 2:10-CV-00205, 2011 WL 1107114, at *10 (S.D. Ind. Mar. 23, 2011) (citations and quotation marks omitted). Granting a motion to dismiss based on noncompliance with the statute of limitations is "irregular" because the statute of limitations is an affirmative defense. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014). "Because complaints need not anticipate and attempt to plead around defenses . . . a motion to dismiss based on failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Id.* at 613–14 (citations and quotation marks omitted).

**C.      Discussion**

As an initial matter, the Court finds that Ms. Wilcox's claims fall under the Indiana

Medical Malpractice Act ("MMA").[2] The MMA is applicable to "a patient or the representative

of a patient who has a claim for bodily injury or death on account of malpractice." *Peters v.*

*Cummins Mental Health, Inc.*, 790 N.E.2d 572, 576 (Ind. Ct. App. 2003) (citation and quotation

marks omitted). The MMA defines medical malpractice as "a tort or breach of contract based on

health care or professional services that were provided, or that should have been provided, by a

health care provider, to a patient." Ind. Code § 34-18-2-18. A "health care provider" under the

MMA includes individuals who are "legally authorized by [Indiana] to provide health care or

professional services as a physician . . . ." Ind. Code § 34-18-2-14. As physicians working at

Memorial Hospital in Indiana, both Dr. Clark and Dr. Basham qualify as health care providers.

Additionally, because Ms. Wilcox received medical care from these doctors, she qualifies as a

"patient" under the MMA. Ind. Code § 34-18-2-22 ("'Patient' means an individual who receives

or should have received health care from a health care provider, under a contract, express or

implied, and includes a person having a claim of any kind, whether derivative or otherwise, as a

result of alleged malpractice on the part of a health care provider."). However, the MMA "is not

all-inclusive as to claims against medical providers, and a claim against a medical provider

sounding in general negligence or premises liability rather than medical malpractice is outside

the act." *Peters*, 790 N.E.2d at 576. "To fall within the purview of the MMA, a provider's

conduct must be undertaken in the interest of, or for the benefit of, the patient's health." *G.F. v.*

*St. Catherine Hosp., Inc.*, 124 N.E.3d 76, 85 (Ind. Ct. App. 2019). Since Ms. Wilcox's claim

---

[2] The Defendants, in their motion to dismiss, rely on Indiana law. (DE 11.) Since no party has raised choice of law as an issue, it is proper to simply apply Indiana's substantive law. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) ("When no party raises the choice of law issue, the federal court may simply apply the forum state's substantive law.").

alleges that Dr. Clark and Dr. Basham caused her bodily injury when they were treating her cyst and performing the C-section, which sounds in medical malpractice as opposed to general negligence or premises liability, Ms. Wilcox's claim falls under the MMA.

The MMA includes a statute of limitations, specifying that a "claim, whether in contract or tort, may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim is filed *within two (2) years after the date of the alleged act, omission, or neglect . . . .*" Ind. Code § 34-18-7-1 (emphasis added). In asserting a statute of limitations defense, the initial burden is on the moving party to show that the "action against him was initiated beyond the limited statutory period." *Conard v. Waugh*, 474 N.E.2d 130, 134 (Ind. Ct. App. 1985). "When the moving party . . . establishes that the action was commenced beyond the statutory period, the burden shifts to the nonmovant to establish an issue of fact material to a theory that avoids the defense." *Boggs v. Tri-State Radiology, Inc.*, 730 N.E. 2d 692, 695 (Ind. 2000) (citation omitted); *see also Manley v. Sherer*, 992 N.E 2d 670, 674 (Ind. 2013) ("Once the defendant has established that the action was filed outside the statute of limitation, the burden shifts to the plaintiff to establish 'an issue of fact material to a theory that avoids the defense.'").

Defendants argue that each of the acts or omissions were alleged to have occurred prior to or on October 10, 2019, making them fall outside the applicable statute of limitation. (DE 11 at 5–6.) The Court agrees. Ms. Wilcox's complaint only alleges two acts or omissions by Dr. Clark and Dr. Basham: (1) that prior to her C-section at Memorial Hospital, Dr. Clark failed to identify cancer in a timely manner on her pelvic examines, imaging, and blood tests; and (2) that after the C-section was performed Dr. Clark and Dr. Basham improperly left a rotting uterus inside her body and failed to "ensure [her] body was intact[.]" (DE 1 ¶¶ 1, 2, and 4.) Even though

5

Ms. Wilcox's second allegation is somewhat unclear, the Court reads it to allege that Dr. Clark

and Dr. Basham negligently performed the C-section procedure. According to medical records

attached to her complaint,[3] Ms. Wilcox's C-section occurred on October 10, 2019. Meaning, the

acts or omissions she alleges occurred either (a) before October 10, 2019, or (b) occurred on

October 10, 2019, when Dr. Clark and Dr. Basham failed to make sure Ms. Wilcox's body was

"intact" when they finished the C-section procedure. However, this case was not filed until

October 13, 2021, which is more than 2 years after October 10, 2019. Even though this is just

three days outside the applicable statute of limitation, the Indiana Supreme Court has previously

held that comparably short time periods outside the MMA statute of limitations suffice for a

defendant to meet his burden. *Manley*, 992 N.E.2d at 674 (finding that a defendant establishes

"that the action was commenced outside [the] statutory period" of the MMA where the defendant

"established that the plaintiffs did not file the action until . . . four days after the two-year

medical malpractice statute of limitation had run.").

The burden then shifts to Ms. Wilcox "to establish an issue of fact material to a theory

that avoids the defense." *Boggs*, 730 N.E. 2d at 695; *see also Manley*, 992 N.E 2d at 674.

However, Ms. Wilcox failed to respond to Defendants' motion to dismiss. If a court is "given

plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research

and try to discover whether there might be something to say against the defendants' reasoning."

*Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). "It follows that a

plaintiff's failure to respond to a Rule 12(b)(6) motion giving plausible reasons for dismissal

---

[3] It is proper for the Court to consider Ms. Wilcox's attached medical records when ruling on a motion to dismiss. The Seventh Circuit has explained that "[w]hen ruling on a motion to dismiss, the court may consider 'documents . . . attached to the complaint, documents . . . central to the complaint and . . . referred to in it, and information that is properly subject to judicial notice.'" *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 n.2 (7th Cir. 2017) (quoting *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013)).

provides adequate grounds for granting the motion." *Garza v. Cervantes*, No. 14 C 923, 2015

WL 468748, at *1 (N.D. Ill. Feb. 3, 2015) (citations omitted) (granting dismissal where a pro se

plaintiff failed to respond to plausible arguments raised by defendants in a 12(b)(6) motion); *see*

*Zollicoffer v. Fireman's Fund Ins. Co.*, No. 14 C 5073, 2014 WL 5032692, at *2 (N.D. Ill. Oct.

8, 2014) ("Because [the pro se Plaintiff] failed to respond to [the Defendant's] plausible

arguments in support of dismissal, her claim must be dismissed."); *see also Jones v. Phipps*, 39

F.3d 158, 163 (7th Cir. 1994) ("[P]ro se litigants are not entitled to a general dispensation from

the rules of procedure or court imposed deadlines.").[4]

By failing to file a response to the plausible arguments raised by the Defendants in their

motion to dismiss, Ms. Wilcox has failed to meet her burden, warranting dismissal of her claims

against Dr. Clark and Dr. Basham.

The Court also notes that dismissal would likely be warranted even if Ms. Wilcox had

responded. As specified above, in Indiana, "[o]nce the defendant has established that the action

was filed outside the statute of limitation, the burden shifts to the plaintiff to establish an issue of

fact material to a theory that avoids the defense." *Id.* One means of avoiding the defense is by

"arguing the statute of limitations is unconstitutional." *Boggs*, 730 N.E.2d at 694. The Indiana

Supreme Court has previously explained that "the two-year occurrence-based statute of

limitations may not constitutionally be applied to preclude the filing of a claim before a plaintiff

---

[4] Notice requirements for pro se plaintiffs depend on the type of motion being considered. A pro se plaintiff in a civil case "is entitled to receive notice of the consequences of failing to respond to a motion for summary judgment . . . ." *Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995) (citing *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982)). This is because Rule 56(e) concerning summary judgment implicitly requires providing a "reasonable opportunity" for the opposing party to "contradict the material facts asserted by the movant." *Id.* Without providing this reasonable opportunity, the moving party's statement of facts would be treated as true. However, with a motion to dismiss under 12(b)(6), a "plaintiff can simply rest on the assumed truthfulness and liberal construction afforded [her] complaint" and her "lack of response . . . constitutes no admission of the proponent's factual assertions." *Id.* Therefore, prior to granting a motion to dismiss under rule 12(b)(6), the Court has no obligation to advise the plaintiff "of the consequences of failing to respond to a motion to dismiss." *Id.* at 288.

either knows of the malpractice and resulting injury or discovers facts that, in the exercise of reasonable diligence, should lead to the discovery of the malpractice and resulting injury." *Booth v. Wiley*, 839 N.E.2d 1168, 1171 (Ind. 2005). Depending on when discovery occurs, the statute of limitations may not apply:

> If the discovery is *more* than two years beyond the date the malpractice occurred, the claimant has two years after discovery within which to initiate a malpractice action. But if the discovery date is *within* two years following the occurrence of the alleged malpractice, the statutory limitation period applies [running from the date of the alleged malpractice] and the action must be initiated before the period expires, unless it is not reasonably possible for the claimant to present the claim in the time remaining after discovery and before the end of the statutory period.

*Id.* at 1172 (emphasis added). The critical inquiry to determine the date of discovery is "whether [a] plaintiff has enough information to know of the injury and that it may be attributable to malpractice." *Overton v. Grillo*, 896 N.E.2d 499, 503 (Ind. 2008). For example, in *Boggs*, 730 N.E. 2d at 695, the Indiana Supreme Court determined that the plaintiff "became aware of her injury in August 1992, when the biopsy revealed cancer."

Here, Ms. Wilcox's Complaint reveals two potential dates of discovery: (1) on October 14, 2019, when she was diagnosed with Stage III C/IV ovarian cancer; and (2) on January 21, 2020, when she had major cancer debulking surgery which revealed a rotting infected uterus. (DE 1 ¶ 2.) Both of these discovery dates are *within* the two years following the occurrence of the alleged malpractice (October 10, 2019). Therefore, the statutory period applies. The next question is whether it was reasonably possible for Ms. Wilcox to present her claims in the time remaining after discovery and before the end of the statutory period. The Indiana Supreme Court has previously found that it was reasonably possible for a claimant to present her claim with only "nine months remaining in the limitations period" after discovery. *Overton*, 896 N.E.2d at 504 (Ind. 2008). Either of the above discovery dates provided ample time for Ms. Wilcox to file her

complaint. Ms. Wilcox had roughly two full years (cancer) or twenty-one months (infection) to

file her claims before the statute of limitations ran. This far exceeds the nine months in *Overton*,

which the Indiana Supreme Court found to be reasonable. Therefore, even if Ms. Wilcox had

attempted to meet her burden by responding, her complaint still would be barred by the statute of

limitations.

**D.     Conclusion**

For the reasons state above, the motion to dismiss is GRANTED. (DE 10.) Accordingly,

Ms. Wilcox's claims against Dr. Clark and Dr. Basham are DISMISSED WITH PREJUDICE.

However, her claims against Memorial Hospital remain.


SO ORDERED.

ENTERED: August 4, 2022


                                            _____/s/ JON E. DEGUILIO_____
                                            Chief Judge
                                            United States District Court

9