UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SARAH EMMALYNE WILCOX,          Plaintiff,          v.          MEMORIAL HOSPITAL,          Defendant. | Case No. 3:21-CV-776 JD |

**OPINION AND ORDER**

Now before the Court is a motion to dismiss the Complaint by Defendant Memorial Hospital. (DE 17.) The Court grants this motion to dismiss, finding that the Complaint fails to comply with Indiana's Medical Malpractice Act ("MMA").

**A.      Factual Background**

This case arises from the medical care Dr. Clark, Dr. Basham, and Memorial Hospital provided to Ms. Wilcox after a cyst was identified on an ultrasound during her pregnancy. (DE 1 ¶ 1.) Ms. Wilcox alleges that Dr. Clark did nothing to investigate the cyst and failed to inform her about how quickly the cyst was continuing to grow. (*Id.*) According to the medical records Ms. Wilcox attaches to her complaint, a C-section procedure performed by Dr. Allen and Dr. Basham occurred on October 10, 2019. (DE 1 ¶ 1; DE 1-1 at 1–3.) During this C-section, the doctors also examined and biopsied the cyst. (*Id.*)

Four days after that procedure, Ms. Wilcox alleges she was diagnosed with Stage III C/IV ovarian cancer. (DE 1 ¶ 2.) From her allegations, it is unclear who made this diagnosis. Sometime after this diagnosis, "Memorial Hospital discharged [Ms. Wilcox] in terrible health." (*Id.*) Due to an infection, Ms. Wilcox "sought out Goshen Center for Cancer Care" and was

admitted to the ICU 10 days after her C-Section. (*Id.*) She then spent a month at the ICU at Goshen, and on January 21, 2020, she had a "major cancer debulking surgery" where the surgeon discovered that the cause of the infection was a uterus left "rotting" inside Ms. Wilcox's body. (*Id.*)

Ms. Wilcox alleges that Dr. Clark and Dr. Basham "failed to ensure [her] body was intact despite the cyst after the c-section" and that Dr. Clark, despite performing multiple tests, "ignored the early signs of ovarian cancer." (*Id.* ¶¶ 1, 3.) Ms. Wilcox also alleges that "Memorial Hospital failed to discharge [her] in reasonable health." (*Id.* ¶ 4.) Due to these actions and omissions, Ms. Wilcox seeks "compensation for all medical expenses as well as pain and suffering." (DE 1 at 3.)

On October 13, 2021, Ms. Wilcox, proceeding pro se, filed her complaint. (DE 1.) She named Dr. Clark, Dr. Basham, and Memorial Hospital as defendants. Both Doctors filed motions to dismiss, which were granted. The United States Marshals Service attempted to serve Memorial Hospital on October 21, 2021, but this service was executed on the wrong address. (DE 5.) Service was later re-issued, prompting Memorial Hospital to file a motion to dismiss. (DE 17.) Ms. Wilcox failed to file a response within 21 days. *See* N.D. Ind. L.R. 7-1(d)(2)(A). Accordingly, the motion is ripe for review.

**B.    Standard of Review**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the well-pleaded factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017). A complaint must contain only a "short and plain statement of the

2

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

**C.     Discussion**

Memorial Hospital argues that Ms. Wilcox's Complaint fails to comply with the Indiana Medical Malpractice Act ("MMA"). As an initial matter, the Court finds that Ms. Wilcox's claims fall under the MMA.[1] The MMA is applicable to "a patient or the representative of a patient who has a claim for bodily injury or death on account of malpractice." *Peters v. Cummins Mental Health, Inc.*, 790 N.E.2d 572, 576 (Ind. Ct. App. 2003) (citation and quotation marks omitted). The MMA defines medical malpractice as "a tort or breach of contract based on health care or professional services that were provided, or that should have been provided, by a health care provider, to a patient." Ind. Code § 34-18-2-18. A "health care provider" under the MMA includes "hospital[s]," such as Memorial Hospital. Additionally, because Ms. Wilcox received medical care from the hospital, she qualifies as a "patient" under the MMA. Ind. Code § 34-18-

---

[1] Memorial Hospital, in its motion to dismiss, relies on Indiana law. (DE 11.) Since no party has raised choice of law as an issue, it is proper to simply apply Indiana's substantive law. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) ("When no party raises the choice of law issue, the federal court may simply apply the forum state's substantive law.").

2-22 ("'Patient' means an individual who receives or should have received health care from a health care provider, under a contract, express or implied, and includes a person having a claim of any kind, whether derivative or otherwise, as a result of alleged malpractice on the part of a health care provider.").

However, the MMA "is not all-inclusive as to claims against medical providers, and a claim against a medical provider sounding in general negligence or premises liability rather than medical malpractice is outside the act." *Peters*, 790 N.E.2d at 576. "To fall within the purview of the MMA, a provider's conduct must be undertaken in the interest of, or for the benefit of, the patient's health." *G.F. v. St. Catherine Hosp., Inc.*, 124 N.E.3d 76, 85 (Ind. Ct. App. 2019). Since Ms. Wilcox's Complaint alleges that Dr. Clark, Dr. Basham, and Memorial Hospital caused her bodily injury when they were treating her cyst and performing the C-section, and that the hospital caused her bodily injury by discharging her when she was not in "reasonable health," (DE 1 ¶ 4), the claims sound in medical malpractice as opposed to general negligence or premises liability. Accordingly, Ms. Wilcox's claims fall under the MMA.

Under Section 4 of the MMA, an action may not generally be commenced "in court against a health care provider until both the claimant's proposed complaint has been presented to a medical review panel and an opinion is given by the panel." *Kho v. Pennington*, 875 N.E.2d 208, 211 (Ind. 2007) (citation omitted). There is a limited exception allowing a claimant to "commence an action in court for malpractice at the same time the claimant's proposed complaint is being considered by a medical review panel," where the complaint filed does not "contain any information that would allow a third party to identify the defendant." *Id.* (citing Ind. Code § 34–18–8–7).

4

The Court finds that Ms. Wilcox's Complaint failed to comply with Section 4 of the MMA. Ms. Wilcox never alleges that she presented her complaint to a medical review panel, nor did she attach any documentation to that effect. Furthermore, Memorial Hospital's motion to dismiss represented that, at the time of the filing of the motion, the database where such claims were logged did not show that any complaints had been filed by Ms. Wilcox for consideration by a medical review panel. Because Ms. Wilcox did not respond to this motion to dismiss, the Court accepts that she has never filed such a complaint with a medical review board and has not complied with Section 4 of the MMA.

The Court notes that the dismissal should be without prejudice, which gives Ms. Wilcox an opportunity to refile her state-law claims if they clear the medical review panel process or if she can show she did, in fact, submit her claim to the medical review panel. *Thompson v. Cope*, 900 F.3d 414, 426 (7th Cir. 2018) ("The district court will need to dismiss the claims *without prejudice* so that the estate can refile the state-law claims if it clears the medical review panel process."); *Kho*, 875 N.E.2d at 215 ("[T]he proper course of action when a plaintiff fails to comply with the [MMA] is for the trial court to dismiss the complaint without prejudice, thereby allowing the plaintiff to refile after the medical review panel has issued its opinion.").

**D.     Conclusion**

For the reasons state above, the motion to dismiss is GRANTED. (DE 17.) Accordingly, Ms. Wilcox's claims against Memorial Hospital are DISMISSED WITHOUT PREJUDICE. No claims remain. The Clerk is DIRECTED to close the case.

SO ORDERED.

ENTERED: June 27, 2023

                                                  /s/ JON E. DEGUILIO
Chief Judge
United States District Court